## Gurdip SINGH, Petitioner,

v.

## Alberto R. GONZALES, Attorney General,* Respondent.

No. 02–72519.

United States Court of Appeals, Ninth Circuit.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\* Alberto R. Gonzales, Attorney General, is substituted for the Immigration and Naturaliza-

Submitted Oct. 11, 2005.**

Decided Oct. 21, 2005.

Patrick O. Cantor, Esq., Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Linda S. Wernery, Esq., Jason S. Patil, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: T.G. NELSON, WARDLAW, and TALLMAN, Circuit Judges.

### MEMORANDUM ***

Gurdip Singh is a native and citizen of India. Singh petitions for review of the Board of Immigration Appeals' ("BIA") decision, which summarily affirmed the Immigration Judge's ("IJ") order denying his application for asylum and withholding of deportation. We grant the petition for review and remand for further proceedings.

Where, as here, the BIA affirms without an opinion, we review the IJ's decision directly. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence an adverse credibility determination. *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001).

The IJ's adverse credibility determination relied upon improper speculation, minor inconsistencies and omissions that do not go to the heart of Singh's claim, and other improper factors. *See id.* at 1043;

*see also Bandari v. INS,* 227 F.3d 1160, 1165–68 (9th Cir.2000). Accordingly, the IJ's adverse credibility determination is not supported by substantial evidence. *See Bandari,* 227 F.3d at 1165–66.

Singh's contention that the BIA's summary affirmance is a violation of due process is foreclosed by *Falcon Carriche,* 350 F.3d at 849–52.

We grant the petition and remand for further proceedings to determine whether, accepting Singh's testimony as credible, he is eligible for asylum and withholding of deportation. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED AND REMANDED.**

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by 9th Cir. R. 36–3.

